# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSICA REYNOLDS,** | § § § | |
| Plaintiff, | § § | **CIVIL ACTION NO.:** |
| v. | § § | _____ |
| **SRI OPERATING COMPANY INC.** | § § § | **JURY DEMAND** |
| Defendant. | § § § | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff Jessica Reynolds brings this action against SRI Operating Company, Inc. ("Defendant" or "SRI") and alleges the following:

### II. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this judicial district.

### III. PARTIES

3. Plaintiff Jessica Reynolds is an adult resident of Houston County, Alabama, and was employed by Defendant at its 4177 W Main Street, Dothan,

Alabama location.

4. Defendant SRI Operating Company Inc. is an "employer" as the term is defined by Title VII.

## IV. ADMINISTRATIVE EXHAUSTION

5. Reynolds timely filed her charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") within 180 days after the last discriminatory treatment. Reynolds further filed her discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## V. STATEMENT OF FACTS

6. SRI maintains and operates Sonic Drive-In Restaraunts.

7. Reynolds was employed by Defendant and consistently performed her job well.

8. From the inception of her employment, Reynolds was subjected to disparate treatment based on her sex.

9. Specifically, she was promised a particular pay rate upon hiring, but was later paid at a lower rate.

10. Scott Dolohite, SRI's Area Manager, subjected Reynolds to unwelcome sexual harassment, creating a hostile work environment.

11. Plaintiff reported the harassment to SRI, but no corrective action was taken.

12. Instead, Defendant retaliated against Plaintiff by subjecting her to disparate disciplinary measures and reducing her pay.

13. SRI's management, including Tiffany Williams, dismissed Reynold's complaints, stating she should take her situation as a "lesson learned," and further compelled Reynolds, and ordered Reynolds to attend a performance evaluation meeting with her harasser.

14. Despite Reynolds' complaints, SRI failed to take any action against the harasser and ordered Reynolds to work alongside him.

15. As a result of SRI's actions, Plaintiff experienced continuous retaliation, including reduction in pay, write ups, and differential treatment compared to similarly situated employees.

16. Due to the hostile work environment and continued retaliation, Plaintiff was forced to resign from her employment in or around April of 2023, constituting a constructive discharge.

**VI.  CAUSES OF ACTION**

    **A. VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
    **B. (DISPARATE TREATMENT)**

17. Reynolds incorporates all preceding paragraphs as if fully set forth herein.

18. SRI discriminated against Reynolds because on her sex by treating her

differently than her male counterparts, subjecting her to a hostile work environment, and failing to address her complaints of sexual harassment.

19. SRI did not allow its male employees to be harassed, and after a complaint addressing the same, take no action against the harasser and force the reporting employee to work closely with his harasser.

20. SRI's actions show a reckless disregard for the law and Reynolds' federally protected rights.

21. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages including lost wages, emotional distress, and other compensatory damages.

### C. VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (HOSTILE WORK ENVIRONMENT)

22. Reynolds incorporates Paragraphs 1-15 above as if fully set forth herein.

23. SRI subjected Reynolds to unwelcome and pervasive sexual harassment, which created an objectively and subjectively hostile work environment.

24. Reynolds knew or should have known about the harassment but failed to take any corrective action.

25. After Reynolds explicitly made the harassment known, SRI took no appropriate action to remedy Reynolds' concerns.

26. Further, SRI ordered Plaintiff to return to work alongside her harasser without any assurance that the behavior at issue would cease.

27. Defendant's actions and/or inactions violated Title VII of the Civil Rights Act of 1964, as amended.

28. As a result of the hostile work environment, Plaintiff has suffered damages including but not limited to lost wages and benefits, loss of opportunities for advancement, loss of benefits of continued employment, and mental anguish.

### D. VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (CONSTRUCTIVE DISCHARGE)

29. Reynolds incorporates by reference all paragraphs above as if fully set forth herein.

30. SRI deliberately created and maintained working conditions so intolerable that any reasonable person in Reynolds' position would have felt compelled to resign.

31. Defendant's actions constitute constructive discharge in violation of Title VII.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including loss of employment, wages benefits, humiliation, and emotional distress.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

A. Declare that Defendant violated Title VII by subjecting Plaintiff to sex discrimination, a hostile work environment, and constructive discharge;

B. Award Plaintiff compensatory damages for lost wages, emotional distress, and other related damages;

C. Award punitive damages as permitted by law;

D. Award Plaintiff's attorneys' fees and costs; and

E. Grant any other relief this Court deems just and proper.

Dated: March 6, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**